UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES ALPINE,
    Petitioner,

v.                                    CIVIL ACTION NO. 19-10748-NMG

JIMMY SMITH,
    Respondent.

## MEMORANDUM AND ORDER

**GORTON, J.**

Before the Court is pro se petitioner Charles Alpine's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241(c)(2). Petition, ECF No. 1. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as applicable to a 28 U.S.C. §2241 petition under Rule 1(b), "it plainly appears from the petition…that the petitioner is not entitled to relief," and therefore, the Petition is hereby **DENIED** and **DISMISSED** without prejudice. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Alpine is a state prisoner currently incarcerated in a state prison in Texas. As Alpine is well aware, the Court is without jurisdiction because Alpine is not confined in the District of Massachusetts.[1] See

---

[1] This is Alpine's second 28 U.S.C. §2241 petition brought in this district. The earlier petition, Alpine v. Smith, C.A. 19-10208-NMG, was dismissed on April 2, 2019 without prejudice for, among other things, lack of jurisdiction. Alpine v. Smith, C.A. 19-10208-NMG, April 2, 2019 Electronic Order, ECF No. 9. The Court notes that Alpine has repeatedly had his §2241 petitions dismissed on this ground. See Alpine v. Smith, No. 1:19-CV-00174-NT, 2019 WL 1867927, at *2 (D. Me. Apr. 25, 2019) (report and recommendation collecting cases and recommending dismissal of petition).

Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (holding that habeas corpus jurisdiction lies in district of confinement); 28 U.S.C. §2241(a) ("Writs of habeas corpus may be granted by…the district court[]…within [its]…jurisdiction[]"). Because the Court is without jurisdiction over the Petition, the action must be dismissed without prejudice.

To the extent that the Petition might be construed as a complaint for relief under 42 U.S.C §1983, Alpine fares no better. As best the Court can discern, and without addressing the merits, the action is filed in the wrong venue because the petition seeks damages for actions that occurred in a Texas prison, and none of the parties are alleged to reside in the District of Massachusetts. 28 U.S.C. §1391(b). Instead, it appears the United States District Court for the Northern District of Texas is an appropriate venue. Pursuant to 28 U.S.C. §1406(a), the Court must dismiss, or if in the interest of justice transfer, an action filed in the wrong venue.

Whether construed as a habeas corpus petition over which this Court has no jurisdiction or an improperly venued civil action for damages, the action shall be dismissed rather than transferred. Pursuant to 28 U.S.C. §1631 (habeas corpus) and 28 U.S.C. §1406(a) (improperly venued civil action), it is not in the interest of justice to transfer, rather than dismiss, the action. First, Alpine was aware of the habeas corpus jurisdictional defect when he filed this petition, and Alpine seeks only monetary damages—relief that while available in a civil action is unavailable in habeas corpus proceedings. Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S. Ct. 1827, 1838, 36 L. Ed. 2d 439 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Second, to the extent this action is construed as a civil action, Alpine

seeks to proceed *in forma pauperis* when he is apparently ineligible to so-proceed.[2] Under the so-called "three-strikes" rule, Alpine may not proceed in forma pauperis if he, "on three or more prior occasions, while incarcerated, …,brought an action…in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief…[can]…be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Here, the potential transferee court, the United States District Court for the Northern District of Texas, Wichita Falls Division, has found Alpine to be a "three-strikes" litigant under 28 U.S.C. §1915(g). Alpine v. Williams, No. 7:08-CV-114-O (N.D. Tex. July 23, 2008), ECF No. 4; see also, Alpine v. Sessions, No. 3:18-CV-655-C-BH, 2018 WL 1661617, at *1 (N.D. Tex. Mar. 21, 2018), report and recommendation adopted, No. 3:18-CV-655-C-BH, 2018 WL 1660670 (N.D. Tex. Apr. 5, 2018) (different division). There is nothing in the Petition that indicates Alpine is in imminent danger of serious physical harm. It is therefore not in the interest of justice to transfer an action.

The Clerk is directed to enter an order of dismissal of this action.

SO ORDERED.
DATED: 5/14/19

_Nathaniel M. Gorton_
UNITED STATES DISTRICT JUDGE

---

[2] See Petition, 4 ("I want the U.S. [D]ist. [C]t. in Boston Massachusetts[] to mail C. Al-Pine[] [a]n application for [in] forma pauperis.")